10-3674-ag
Shao v. Holder

BIA
Nelson, IJ
A099 592 237

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
>        PETER W. HALL,
>        DEBRA ANN LIVINGSTON,
>        DENNY CHIN,
>            *Circuit Judges.*

_____

JIAN GUANG SHAO,
>        *Petitioner,*

>        v.                                    10-3674-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Jan Potemkin, New York, New York

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony C. Payne, Senior
                       Litigation Counsel; Ali Manuchehry,
                       Trial Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part, and DENIED in part.

Jian Guang Shao, a native and citizen of China, seeks review of a December 28, 2009, order of the BIA affirming the March 4, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied Shao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Guang Shao*, No. A099 592 237 (B.I.A. Dec. 28, 2009), *aff'g* No. A099 592 237 (Immig. Ct. N.Y. City Mar. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Shao argues that the agency erred in concluding that he failed to demonstrate that he timely filed his asylum application, pointing out that the BIA did not explain why an airline ticket showing that he traveled inside China in March 2005 was insufficient to prove that his January 2006 asylum application was filed within one year of his arrival in the United States. This argument does not raise a question of law but rather takes issue with the agency's evaluation of Shao's evidence. *See Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007) (per curiam). We lack jurisdiction to address this argument regarding the agency's pretermission of his asylum claim. We thus dismiss this portion of the petition. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d at 315, 329 (2d Cir. 2006). We note that even if the

2

agency's pretermission of asylum was in error, remand would not be appropriate because the agency's alternative disposition of Shao's petition, as discussed below, is supported by substantial evidence. *See Xiao Ji Chen*, 471 F.3d at 339.

Shao does not challenge the agency's determination that he did not suffer past persecution or its conclusion that he was not entitled to a presumption that he has a well-founded fear of future persecution. *See Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009) (noting that "a showing of past persecution shifts the burden to the government on the question of the petitioner's well-founded fear of future persecution"). Instead, Shao contends that he demonstrated a well-founded fear of persecution on account of his resistance to the family planning policy, arguing that the authorities might believe that he "assisted his wife in having the [intrauterine device she was mandated to use under the family planning policy] removed," or that his "efforts to hide his wife" during her pregnancy constituted resistance. Even if these acts were considered "other resistance" to the family planning policy, thereby providing a nexus to a protected ground, *see Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d at 309-10 (2d Cir. 2007), having found that Shao did not demonstrate past persecution, the agency reasonably determined that he did not meet his burden to establish a well-founded fear of persecution, because there is no evidence to indicate that he was sought by the Chinese authorities. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005).

Finally, the agency did not err in denying Shao withholding of removal and CAT relief, to the extent these claims were predicated on the same facts as his asylum claim.[*] *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 115 (2d Cir. 2007) (recognizing that withholding of removal and CAT relief require "a greater quantum of proof" than asylum).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed

---

[*] As the Government points out, Shao does not raise any argument before us regarding his illegal departure claim.

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4